UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | CHAPTER 13 |
|   PETER JAMES RYNARD : | |
|   SAMANTHA LEE RYNARD : | |
|     Debtor : | |
| : | |
| JACK N. ZAHAROPOULOS : | |
|   STANDING CHAPTER 13 TRUSTEE : | |
|     Movant : | |
| : | CASE NO. 1-24-bk-02504 |
| PETER JAMES RYNARD : | |
| SAMANTHA LEE RYNARD : | |
|     Respondent : | |

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 8th day of November 2024, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the Debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that Debtor(s)' disposable income is greater than that which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a. Average federal income tax refund not considered.

2. Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Means Test. More specifically, the value of Debtor's real estate appears to be artificially low.

3. Debtor(s)' Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the Debtor has excess non-exempt equity in the following:

    a. Residential real estate. The Trustee requests appraisals of Debtors' real estate to be conducted. The CMA provided by Realtor Darlene Bathon values the Debtors' real estate at $170,000.00 even though online sources indicate that the property is worth between $214,000.00 and $224,000.00. Further, the provided CMA failed to take into account comparable properties that would appear to be appropriate such as 3265 Ritner Highway, Newville, PA; 85 Parker Road, Newville, PA; and 7 Mountain Rock Road, Newville, PA.

WHEREFORE, Trustee alleges and avers that Debtor(s) Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of Debtor(s) Plan.
b. Dismiss or convert Debtor(s) case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

# CERTIFICATE OF SERVICE

   AND NOW, this 8th day of November 2024, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

NICHOLAS G PLATT, ESQUIRE
MOONEY LAW
230 YORK STREET
HANOVER, PA 17331-

               /s/Tammy Life
               Office of Jack N. Zaharopoulos
               Standing Chapter 13 Trustee