UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PETER JAMES RYNARD and SAMANTHA LEE RYNARD, Debtors | : : : : | CHAPTER 13 |
| JACK N. ZAHAROPOULOS, STANDING CHAPTER 13 TRUSTEE, Movant | : : : : | |
| vs. | : : | |
| PETER JAMES RYNARD and SAMANTHA LEE RYNARD, Respondents | : : : | CASE NO. 1-24-bk-02504-HWV |

TRUSTEE'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN

AND NOW, this 24th day of February, 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, and objects to the confirmation of the above-referenced Debtors' Plan for the following reasons:

1. The Debtors' Plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the Debtors have not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

the Trustee alleges and avers that the Debtors' disposable income is greater than that which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a. Average federal income tax refund not considered.

2. The Debtors' Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the Debtors have excess non-exempt equity in the following:

    a. Residential real estate. The Trustee requests appraisals of the Debtors' real estate to be conducted. The CMA provided by Realtor Darlene Bathon values the Debtors' real estate at $170,000.00 even though online sources indicate that the property is worth between $214,000.00 and $224,000.00. Further, the provided CMA failed to take into account comparable properties that would appear to be appropriate such as 3265 Ritner Highway, Newville, PA; 85 Parker Road, Newville, PA; and 7

Mountain Rock Road, Newville, PA.

WHEREFORE, the Trustee alleges and avers that the Debtors' Plan cannot be confirmed, and therefore, the Trustee prays that this Honorable Court will:

a. deny confirmation of the Debtors' Plan;
b. dismiss or convert the Debtors' case; and
c. provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Douglas R. Roeder, Esquire
Attorney for Trustee

CERTIFICATE OF SERVICE

    AND NOW, this 24th day of February, 2025, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first-class mail, addressed to the following:

Nicholas G. Platt, Esquire
Mooney Law
230 York Street
Hanover, PA 17331

                /s/Derek M. Strouphauer, Paralegal
                Office of Jack N. Zaharopoulos
                Standing Chapter 13 Trustee